On October 21, 2009, the Westchester County Clerk entered a money judgment in favor of the petitioner Bobby D. Associates and against Peter Park in the total sum of $98,170.63. In or around March 2010, the petitioner, utilizing the devices contained in CPLR article 52 for the enforcement of a money *816 judgment, served a subpoena duces tecum and a restraining notice upon Joann Park and Fantastic Organic Cleaners, LLC (hereinafter together the respondents). Upon the respondents’ noncompliance, the petitioner commenced this proceeding in the Supreme Court, Westchester County, to adjudge the respondents in contempt and to compel their compliance. In an order entered November 10, 2010 (hereinafter the November 2010 order), the Supreme Court granted the petition without opposition, adjudged the respondents in contempt, imposed a fine and motion costs, and afforded the respondents an opportunity to purge themselves of the contempt. As a result of the respondents’ ongoing noncompliance with the subpoena and their lack of compliance with the November 2010 order, the petitioner moved pursuant to CPLR 2308 and 5251 for the issuance of a warrant of arrest to bring the respondent Joann Park before the Supreme Court. The Supreme Court denied the motion. The petitioner appeals, and we reverse.
Contrary to the Supreme Court’s determination, the motion was properly brought pursuant to CPLR 2308 and 5251. CPLR 2308, entitled “Disobedience of subpoena” provides, in relevant part, that “[fjailure to comply with a subpoena issued by a judge, clerk or officer of the court shall be punishable as a contempt of court ... A court may issue a warrant directing a sheriff to bring the witness into court” (CPLR 2308 [a]). Furthermore, CPLR 5251 provides, in relevant part, that “[rjefusal or willful neglect of any person to obey a subpoena or restraining notice issued, or order granted, pursuant to this title . . . shall each be punishable as a contempt of court” (CPLR 5251). The Supreme Court erred in concluding that the motion was actually brought pursuant to CPLR 5250. That section, providing for the arrest of the judgment debtor under circumstances involving the concealment of property or imminent departure from the state, is clearly inapplicable here.
Accordingly, in view of the Supreme Court’s contempt adjudication against the respondents in the November 2010 order, the respondents’ continuing noncompliance with the subpoena, and their failure to comply with the November 2010 order, the petitioner’s motion for a warrant of arrest to bring Joann Park before the Supreme Court to effectuate the November 2010 order and to implement the money judgment enforcement process should have been granted. We therefore remit this matter to the Supreme Court, Westchester County, for further proceedings consistent with our determination. Dillon, J.E, Balkin, Belen and Chambers, JJ., concur.